## TILDEN v. UNITED STATES.
### No. 2151.

District Court, W. D. Missouri.

Jan. 4, 1945.

Plaintiff, pro se.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for defendant.

REEVES, District Judge.

The issues raised by the application for a writ of habeas corpus and the return by the respondent were tried today. The petitioner was brought to Kansas City from United States Medical Center at Springfield for the hearing. He was present in person but without counsel. The respondent was represented by Mr. Otto Schmid, Assistant United States Attorney.

By the petition it is claimed that the petitioner, as a juvenile, was sentenced in the United States District Court for the District of Colorado, on October 27, 1942, to a term of three years in prison; that he was without counsel; and was not apprised of his rights by the court.

The return of the respondent denied this and proffered the judgment and commitment of the United States District Court of Colorado, together with other records of the proceeding.

The petitioner on his part informed the court that he was born on October 11, 1925; that in August of 1942 he was hitchhiking from Chicago to California and that while in Big Springs, Nebraska, he stole an automobile which he transported from that point to a point five miles north of Aguilar, Colorado; and that, when arraigned on the charge of juvenile delinquency, he was not advised of his rights, nor was counsel assigned for his defense. The records of the District Court show that the defendant was brought before the U. S. District Judge, Honorable J. Foster Symes, on Saturday, October 17, 1942, "* * * and having been fully apprised by the Court of his rights under the laws of the United States and of the consequences of his consent to be prosecuted as a juvenile delinquent, the said Robert Livingston Tilden, did then and there sign and file the above written consent to be prosecuted as such juvenile delinquent * * *." The record further shows that ten days later, towit, on October 27, 1942, "* * * came the United States Attorney, and the defendant Robert Livingston Tilden * * * appearing in proper person, and having been asked whether he desired counsel assigned by the Court, replied that he did not, and having consented in writing to be prosecuted as a juvenile delinquent pleads guilty to the information."

Upon such a plea of guilty the petitioner was sentenced to a term of three years and committed to the custody of the Attorney General. The term of his sentence was made to begin "from and after this twenty-seventh day of October, A. D. 1942."

It will be seen from the foregoing that the records of the court contradict the averments of the petition and the testimony of the petitioner. This court is bound by the records.

While the petitioner did not raise the question of his competency to waive counsel, yet, as a precaution, that matter was gone into at the trial. The information given the court by a witness who has had an acquaintance with the petitioner and has

observed him for more than a year was to the effect that he was of average intelligence. Moreover, in the examination in open court the petitioner not only showed intelligence but that he was familiar with the proceedings at the time he was sentenced and· frankly avowed that a probation officer was present at the time he entered his plea of guilty. According to his own statement the court imposing the sentence was entirely familiar with all of the facts in his case and to the end that no injustice might be done had obtained the presence of his probation officer who had talked with the petitioner about his case.

Upon the issues thus made up and facts developed at the hearing, I make the following Findings of Fact:

1. The petitioner was sixteen years of age at the time he stole an automobile at Big Springs, Nebraska, and transported same thence to a point near Aguilar, Colorado.

2. The petitioner was guilty of violating the federal law in transporting a stolen motor vehicle from Nebraska to Colorado with knowledge that the motor vehicle was stolen.

3. The petitioner was prosecuted for juvenile delinquency with his consent in writing. At the time he gave his consent he was "fully apprised by the court of his rights under the laws of the United States and of the consequences of his consent to be prosecuted as a juvenile delinquent." Such waiver was signed on October 17, 1942.

4. On October 27, 1942, or ten days later, the petitioner appeared in the United States District Court, Denver Division, "and having been asked whether he desired counsel assigned by the court, replied that he did not, and having assented in writing to be prosecuted as a juvenile delinquent pleads guilty to the information."

5. I further find, although not in issue in the case, that at the time of the prosecution and the plea of guilty, the petitioner was not only apprised of all his rights but that ·he competently and intelligently waived counsel.

I state the following Conclusions of Law:

1. The court imposing the sentence had jurisdiction of the petitioner and of the subject matter and the sentence imposed was within the power of the court under the law and that the period of the sentence has not expired and that the respondent is now lawfully holding the petitioner in custody.

2. That the writ of habeas corpus heretofore issued should be quashed or discharged, the petitioner remanded to the custody of the respondent, and his petition dismissed.